**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**RANDY E. BARRON**                                                                 **PLAINTIFF**

**vs.**                                                     **CIVIL ACTION NO. 1:09CV279-SAA**

**SECRETARY OF HEATH AND HUMAN SERVICES**                   **DEFENDANT**

**MEMORANDUM OPINION**

This case involves an application under 42 U.S.C. § 405(g) for judicial review of the decision of the Commissioner of Social Security denying the application of plaintiff Randy E. Barron for disability insurance benefits (DIB) under Sections 216(I) and 223 of the Social Security Act and for supplemental security income (SSI) payments under Section 1614(a)(3) of the Act. Although plaintiff's protective filing applications for SSI and DIB dated October 6, 2006 state that he claimed disability beginning on December 31, 1990 (Tr. 120-32), his subsequently filed Application for DIB of November 9, 2006, alleges on onset of disability of September 23, 2006 (Tr. 96-104) – a more realistic onset date.[1] Plaintiff's claim was denied initially (Tr. 49-50, 53-58) and on reconsideration. (Tr. 51-52, 62-66). He was represented by counsel at the hearing held on January 9, 2009. (Tr. 24). The Administrative Law Judge (ALJ) issued an unfavorable decision on April 22, 2009 (Tr. 12-20), and the Appeals Council denied plaintiff's request for a review. (Tr. 1-4). Plaintiff timely filed the instant appeal from the ALJ's most recent decision, and it is now ripe for review. In accordance with the provisions of 28 U.S.C. § 636(c), both parties have consented to have a magistrate judge conduct all the

---

[1] This point is made by plaintiff's counsel in plaintiff's brief on appeal to this court.

proceedings in this case, the undersigned therefore has the authority to issue this opinion and the accompanying final judgment.

## I. FACTS

Plaintiff was born on November 10, 1963, and completed the tenth grade. (Tr. 18, 30, 96). He was 45 years old at the time of the ALJ's hearing and his decision. (Tr. 96). Plaintiff was previously employed as a router/operator, security guard and a roofer. (Tr. 18, 126). Plaintiff contends that he became disabled before his application for SSI and DIB as a result of heart problems. (Tr. 125). However, the objective evidence does not support a finding of disability pursuant to the Social Security Act (SSA).

The ALJ determined that plaintiff suffered from "severe" impairments, including "tachycardia and nonischemic cardiomyopathy" (Tr. 14), but that these impairments did not meet or equal a listed impairment in 20 C.F.R. Part 404, Subpart P, App. 1 (20C.F.R. 404.1525, 404.1526, 416.925 and 416.926). (Tr. 16). The ALJ determined that plaintiff's

> cardiovascular impairments do not meet the requirements of listing 4.00 because the claimant's arrhythmias are not of the frequency and severity that would meet listing 4.05. The arrhythmias do not result in uncontrolled syncope and the objective finding does not establish the requisite level of severity to meet the listing.

*Id.*

Based upon testimony by the vocational expert [VE] at the hearing and after considering the record as a whole, the ALJ determined that plaintiff retains the Residual Functional Capacity (RFC) to

> perform sedentary light work as defined in 20 CFR 404.1567(a) and 416.967(a) except he can never climb ropes or ladders; he can occasionally climb stairs, stoop, crouch, kneel, and crawl; he can frequently balance; he should avoid moderate exposure to excessive vibration; avoid all use of heavy moving

2

machinery such as tractors and forklift, and; avoid all unprotected heights.

(Tr. 17). Upon further analysis under applicable rulings and regulations, the ALJ determined that plaintiff was less than fully credible in that his allegation that he is incapable of all work activity was inconsistent with the medical evidence and record as a whole. (Tr. 17-18). The ALJ found that plaintiff's impairments could reasonably be expected to cause the alleged symptoms, but plaintiff's "statements concerning the intensity, persistence and limiting effects of [his] symptoms are not credible to the extent they are inconsistent with the . . . residual functional capacity assessment." The ALJ further found that the evidence failed to establish that plaintiff's allegations of "having to take frequent rest breaks, dizziness, memory problems, passing out, and rapid heart beat" are not of a severity that would preclude him from performing sedentary work. (Tr. 17-18).

The ALJ noted that following the implantation of the plaintiff's defibrillator, examinations conducted by his treating physicians all evidenced that the device operated properly and appropriately. (Tr. 18). None of plaintiff's treating physicians expressed any concerns regarding plaintiff's defibrillator or his ability to engage in physical activities. *Id.* After evaluating all of the evidence in the record, including testimony of both plaintiff and a VE at the hearing, the ALJ held that plaintiff could not perform past relevant work (Tr. 18), but because there are jobs that exist in significant numbers in the national economy that plaintiff can perform, he is not disabled under the Social Security Act. (Tr. 19).

Following the ALJ's decision, plaintiff submitted additional evidence to the Appeals Council in the form of a Medical Source Statement by Dr. Neil Sloan and requested a review of the ALJ's decision. The Appeals Council denied plaintiff's request for review because Dr.

3

Sloan's report "indicates functional limitations not supported by the record as a whole, and there is no indication that Dr. Sloan has ever seen the claimant." (Tr. 1-2). Dr. Sloan is not a treating physician, but instead is a physician from whom plaintiff's counsel sought an evaluation of plaintiff's condition after the ALJ's decision and before the Appeals Council's denial. Plaintiff claims that the Appeals Council erred when it failed to properly consider the "new" evidence presented by plaintiff, resulting in a decision unsupported by substantial evidence. Docket 12, p. 9.

## II. DISCUSSION

In determining disability, the Commissioner, through the ALJ, works through a five-step sequential evaluation process.[2] The burden rests upon plaintiff throughout the first four steps of this five-step process to prove disability, and if plaintiff is successful in sustaining his burden at each of the first four levels, then the burden shifts to the Commissioner at step five.[3] First, plaintiff must prove she is not currently engaged in substantial gainful activity.[4] Second, plaintiff must prove his impairment is "severe" in that it "significantly limits his physical or mental ability to do basic work activities . . . ."[5] At step three the ALJ must conclude plaintiff is disabled if he proves that his impairments meet or are medically equivalent to one of the impairments listed at 20 C.F.R. Part 404, Subpart P, App. 1, §§ 1.00-114.09 (2003).[6] If plaintiff

---

[2] *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

[3] *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991).

[4] 20 C.F.R. §§ 404.1520(b), 416.920(b) (2003).

[5] 20 C.F.R. §§ 404.1520(b), 416.920 (2003).

[6] 20 C.F.R. §§ 404.1520(b), 416.920 (2003). If a claimant's impairment meets certain criteria, that claimant's impairments are "severe enough to prevent a person from doing any

does not meet this burden, at step four he must prove that he is incapable of meeting the physical and mental demands of his past relevant work.[7] At step five, the burden shifts to the Commissioner to prove, considering plaintiff's residual functional capacity, age, education and past work experience, that he is capable of performing other work.[8] If the Commissioner proves other work exists which plaintiff can perform, plaintiff is given the chance to prove that he cannot, in fact, perform that work.[9]

The court considers on appeal whether the Commissioner's final decision is supported by substantial evidence and whether the Commissioner used the correct legal standard. *Muse v. Sullivan,* 925 F.2d 785, 789 (5th Cir. 1991); *Villa v. Sullivan,* 895 F.2d 1019, 1021 (5th Cir. 1990). The court has the responsibility to scrutinize the entire record to determine whether the ALJ's decision was supported by substantial evidence and whether the proper legal standards were applied in reviewing the claim. *Ransom v. Heckler*, 715 F.2d 989, 992 (5th Cir. 1983). The court has the limited power of review and may not reweigh the evidence or substitute its judgment for that of the Commissioner,[10] even if it finds that the evidence leans against the Commissioner's decision.[11] The Fifth Circuit has held that substantial evidence is "more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to

---

gainful activity." 20 C.F.R. § 416.925 (2003).

[7]20 C.F.R. §§ 404.1520(e), 416.920(e) (2003).

[8]20 C.F.R §§ 404.1520(f)(1), 416.920(f)(1) (2003).

[9]*Muse*, 925 F.2d at 789.

[10]*Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

[11]*Bowling v. Shalala*, 36 F.3d 431, 434 (5th Cir. 1994); *Harrell v. Bowen*, 862 F.2d 471, 475 (5th Cir. 1988).

support a conclusion." *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999) (citation omitted). Conflicts in the evidence are for the Commissioner to decide, and if there is substantial evidence to support the decision, it must be affirmed even if there is evidence on the other side. *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990). The court's inquiry is whether the record, as a whole, provides sufficient evidence that would allow a reasonable mind to accept the conclusions of the ALJ. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "If supported by substantial evidence, the decision of the [Commissioner] is conclusive and must be affirmed." *Paul v. Shalala,* 29 F.3d 208, 210 (5th Cir. 1994), citing *Richardson v. Perales,* 402 U.S. 389, 390, 28 L.Ed.2d 842 (1971).

When new evidence becomes available after the ALJ's decision, and there is a reasonable likelihood that the new evidence could change the outcome of the decision, a remand is appropriate so that this new evidence can be considered. *Govea v. Astrue*, 2008 WL 2952343, *4 (W.D. Tex. 2008). "New evidence" must meet three criteria: (1) it must be new, and not merely cumulative of what is already in the record; (2) it must be material, *i.e.,* relevant, probative, and likely to change the outcome of the case; and (3) the claimant must demonstrate good cause for not having incorporated the new evidence into the administrative record. *Pierre v. Sullivan*, 884 F.2d 799, 803 (5th Cir. 1989). The Fifth Circuit has stated:

> The requirement of materiality is an important one. The concept 'material' suggests that the new evidence must be relevant and probative. However, not every discovery of new evidence, even if relevant and probative, will justify a remand to the Secretary, for some evidence is of limited value and insufficient to justify the administrative costs and delay of a new hearing.

*Chaney v. Schweiker*, 659 F.2d 676, 679 (5th Cir. 1981). "A report that offers no new facts does not constitute new evidence." *Evangelista v. Secretary of Health and Human Services*, 826 F.2d

136, 140 (1st Cir. 1987). The First Circuit, in *Evangelista*, noted that simply because a retained physician

> happened to view this collection of data differently, that he happened to disagree with the conclusion reached by the ALJ, does not render the *evidence* which forms the basis for his opinion any less cumulative of what already appears in – indeed, comprises the totality of – the record. If a losing party could vault the 'newness' hurdle of § 405(g) merely by retaining an expert to reappraise the evidence and come up with a conclusion different from that reached by the hearing officer, then the criterion would be robbed of all meaning.

*Id.* If new and material evidence was properly presented to and considered by the Appeals Council, this court must consider that evidence as part of the entire record, even if the Appeals Council denied review. *Rodriguez v. Barnhart*, 252 F.Supp.2d 329, 335 (S.D. Tex. 2003).

The ALJ concluded at step three that despite plaintiff's severe impairments, they did not meet or equal any impairment listed at 20 CFR pt. 404, Subpart P, App. 1 (2008), including Listing 12.00 impairments. (Tr. 13). Additionally, the ALJ concluded that a variety of jobs existed in the national and local economy that plaintiff could perform even with his impairments. (Tr. 19). Plaintiff's argument addresses only the new evidence submitted after the ALJ's decision and before the Appeals Council's denial of the appeal. Plaintiff claims that the Council erred when it found that the new submitted evidence did "not provide a basis for changing the Administrative Law Judge's decision." (Tr. 2).

The Council reviewed the entire record, including the Physical Medical Source Statement Questionnaire completed by Dr. Sloan, and determined that Dr. Sloan's evaluation "indicates functional limitations not supported by the record as a whole, and there is no indication that Dr. Sloan has ever seen the claimant." (Tr. 1-2). The court has done the same review. The only information that could *possibly* support a claim that he examined the plaintiff is the otherwise

7

unsupported statement:

> "1. Nature, frequency and length of contact: **July 16, 2009.**"

The court concurs that this one line does not support an inference that Dr. Sloan actually saw or examined the plaintiff in person or that he performed any tests on plaintiff to reach the conclusions stated in the Physical Medical Source Statement Questionnaire. (Tr. 447-55). Even if he did see and examine the plaintiff, he did not provide objective medical evidence of that examination's conduct or results. Dr. Sloan's questionnaire is not new *evidence*, but instead is merely a new *opinion* which is clearly based upon the same medical evidence reviewed by the ALJ and Agency physicians. His opinion should not be granted any more weight than the agency examiners that have reviewed the same documents Dr. Sloan reviewed. Further, the fact that Dr. Sloan concluded that plaintiff is disabled does not have to be considered by the ALJ, as that conclusion is one that is strictly reserved for the ALJ. 20 C.F.R. § 404.1527(e).

### III. CONCLUSION

After a review of the evidence presented to the ALJ and the "new" information provided by plaintiff, this court is of the opinion that there is not a reasonable likelihood that Dr. Sloan's questionnaire could change the outcome reached by the ALJ. The ALJ's conclusion that the physical and mental impairments alleged during the administrative process do not constitute a disability is clearly supported by substantial evidence, and the decision of the Commissioner should be affirmed. A separate judgment in accordance with this Memorandum Opinion will issue this date.

This, the 30th of August, 2010.

/s/ S. Allan Alexander
UNITED STATES MAGISTRATE JUDGE